Argued and submitted November 2, 2006; in A131487, judgment vacated
and remanded, in A131473, reversed April 11, 2007

David H. DANIEL,
as Sheriff of Josephine County, Oregon,
*Plaintiff-Respondent,*

*v.*

BOARD OF COUNTY COMMISSIONERS
FOR JOSEPHINE COUNTY, OREGON,
*Defendant-Appellant.*

Josephine County Circuit Court
05CV0456; A131473 (Control)

David H. DANIEL,
as Sheriff of Josephine County, Oregon,
*Plaintiff-Respondent,*

*v.*

James RIDDLE,
James Raffenburg, and Dwight F. Ellis,
County Commissioners of Josephine County,
and Josephine County,
a political subdivision of the State of Oregon,
*Defendants-Appellants.*

Josephine County Circuit Court
05CV0211; A131487

157 P3d 275

Robert E. Franz, Jr. argued the cause for appellants. With him on the briefs were Jason M. Montgomery and the Law Office of Robert E. Franz, Jr.

Mark Lansing argued the cause for respondent. With him on the briefs was Mark Lansing, PC.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

## SCHUMAN, J.

These consolidated appeals stem from a dispute between the Sheriff of Josephine County (plaintiff) and the county commissioners (defendants) over which party has the authority to promote individual sheriff's deputies.[1] In the first case (A131487), defendants appeal a judgment declaring that, although defendants have the authority to set the maximum number of deputies in the sheriff's department and the department's budget, plaintiff has "the legal right to control promotion/reclassification decisions." In the second case (A131473), defendants appeal a judgment nullifying county legislation purporting to establish that the sheriff's department must consist of one undersheriff, one lieutenant, and eight sergeants. We conclude that defendants' authority to fix the compensation of every deputy necessarily gives them the authority to determine how many deputies will occupy each salary level in plaintiff's department; therefore, the court erred in the declaratory judgment action to the extent that it concluded that plaintiff has the authority to increase the number of deputies receiving a particular salary set by defendants. It also erred in nullifying defendants' legislation. We therefore vacate the declaratory judgment in A131487 and remand, and reverse the judgment in A131473.

The facts are not in dispute. In January 2005, plaintiff filled out a form requesting that defendants approve the promotion of a deputy, Banks, from the rank of sergeant, where he was earning $5,109.87 per month, to the rank of lieutenant, where he would earn $5,609.07 per month. Because neither a retirement nor a demotion had occurred, the effect of the promotion would have been to increase the number of deputies at lieutenant pay and rank from one to two. Defendants denied the request. In response, plaintiff filed a complaint seeking a judgment "instructing defendants to approve the promotion request [that] plaintiff made * * *, declaring that defendants have no legal right to control promotion decisions or otherwise dictate how plaintiff uses the

---

[1] In the first case, defendants are the individually named county commissioners and the county; in the second, defendant is "The Board of County Commissioners." For convenience, we refer to defendants in both cases as "defendants."

sheriff's budget allotted to him," and awarding attorney fees to plaintiff. Both parties filed motions for summary judgment. The trial court granted plaintiff's and denied defendants'.

On June 16, 2005, while the declaratory judgment action was still pending, defendants adopted Order No. 2005-050 (the order), which fixed the number of nonunion certified deputies in the Sheriff's Department as follows: "One (1) Undersheriff; One (1) Lieutenant; and Eight (8) Sergeants." Defendants later set the rank and salary for each deputy, including Banks, whom defendants designated as a sergeant earning a sergeant's salary. In response, plaintiff filed a petition for writ of review, arguing that defendants had exceeded their authority in issuing the order and requesting that the order be annulled. In both actions, plaintiff argued that ORS 206.210 (set out below) gave him the authority to organize the work of the office and that such authority included the authority to set the rank and compensation of the deputies, limited only by the requirement that he stay within his budget. The trial court agreed with plaintiff and issued one judgment annulling the order and a second judgment granting plaintiff's motion for summary judgment. The court also awarded attorney fees to plaintiff in the declaratory judgment case.

Both cases involve only legal issues; we therefore review for errors of law. *Baker v. City of Woodburn*, 190 Or App 445, 450, 79 P3d 901 (2003), *rev den*, 336 Or 615 (2004); *see, e.g.*, ORS 34.100 (appeal may be taken in a writ of review proceeding "in like manner and with like effect as from a judgment of a circuit court"); *Cochran v. Connell*, 53 Or App 933, 939-40, 632 P2d 1385, *rev den*, 292 Or 109 (1981) (when a party appeals the grant of one motion for summary judgment and the denial of a cross-motion for summary judgment, both are subject to review for errors of law if there are no genuine issues as to any material facts).

The parties agree that the distribution of authority between a county sheriff and a county board of commissioners is governed by statute. They disagree about which statutes control here and about what the statutes mean. Plaintiff, as we noted above, relies primarily on ORS 206.210:

"Notwithstanding [civil service statutes inapplicable to this case], the sheriff may organize the work of the office of the sheriff so that:

"(1)   The various duties required of the office may be assigned to appropriate departments and divisions to be performed by persons experienced and qualified for such respective kinds of work.

"(2)   The duties of the various assistants, officers and deputies of the sheriff are coordinated so that, when not engaged in a particular duty specified or directed to be done and not then requiring attention, such persons shall perform the other duties required of the office and then required to be done.

"(3)   The cooperation among assistants, officers, deputies and employees in the departments and divisions may be secured for the purposes of avoiding duplication of time and effort."

Plaintiff also relies on ORS 204.635(1), which provides, "A sheriff's deputies shall be appointed by the sheriff in writing and continue during the pleasure of the sheriff." Defendants, for their part, rely on ORS 204.116(1):

"Except as otherwise provided by law, the governing body of each county shall fix the compensation of its own members and of every other county officer, deputy and employee when the compensation of such individuals is paid from county funds."

Both parties claim support from ORS 204.601; plaintiff focuses on subsection (2), while defendants cite subsection (1):

"(1)   The county court or board of county commissioners of each county shall fix the number of deputies and employees of county officers whose compensation is to be paid from county funds.

"(2)   All such deputies and employees shall be appointed by such county officer, and shall hold office during the pleasure of the appointing officer."

Plaintiff argues that these statutes give defendants the authority to dictate only his department's budget, its maximum number of employees, and the compensation to be

paid to deputies at each salary level; within those limits, plaintiff maintains that he has the *explicit* authority to hire, fire, and assign duties to deputies, as well as the *implicit* authority to determine how many deputies will be employed at each pay level and who those employees will be—in other words, the authority to promote and demote. He asserts, for example, that he could promote numerous sergeants to the rank of lieutenant, with pay increases, and accommodate that action by reducing the total number of deputies. As defendants point out, plaintiff's theory would also allow him to reduce the number of deputies to one, and then confer on that deputy and himself salaries exhausting the department's entire personnel budget. Plaintiff offers no response to that hypothetical other than to observe that it is hypothetical. He also offers no plausible explanation of how his theory can accommodate the explicit language of ORS 204.116(1), which unambiguously gives defendants the authority to "fix the compensation of * * * every * * * deputy," or the equally unambiguous language of ORS 204.601(1), which gives defendants the authority to "fix the number of deputies." Instead, he relies on *ad hominem* invective.

Defendants, for their part, argue that the statutes confer on them the authority not only to set the sheriff's department budget and total number of deputies, but also the authority to structure the department's hierarchy by dictating the number of deputies at each salary level. Their brief avoids the necessity of interpreting ORS 206.210, with its grant of authority to plaintiff to "organize the work of [his] office," by not discussing the statute at all.

Our task is to interpret statutes so as to give effect to their plain meaning and, where possible, to interpret statutes on the same subject (each of which is context for the other) harmoniously. *Carlson v. Myers*, 327 Or 213, 226, 959 P2d 31 (1998); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

The legislature has given defendants the authority to "fix the number" of deputies. ORS 204.601(1). That locution cannot mean, as plaintiff would have it mean, that the number is a maximum from which he is authorized to depart downward; a "fixed" number is a "firm, stable, or stationary"

one. *Webster's Third New Int'l Dictionary* 860 (unabridged ed 2002). In common parlance, a "fixed" mortgage at seven percent interest is not one that can fall to a lower rate in different circumstances. A $25.00 fixed-price five-course meal will not cost $20.00 if you skip the appetizer. The legislature also has given defendants the authority to "fix the compensation of * * * every * * * deputy." ORS 204.116(1). Before enactment of that statute, the legislature set the salaries of county officers, deputies, and employees. In enacting the statute, "the legislature delegated authority to fix the salaries of certain county officials to the counties." *Baker County v. Wolff*, 16 Or App 1, 9, 516 P2d 1307 (1973), *rev den* (1974) (interpreting predecessor to ORS 204.116(1)).

Read together, ORS 204.116(1) (defendant can fix all salaries) and ORS 204.601(1) (defendant can fix the total number of deputies) could mean that defendants can fix the compensation of every deputy either by (1) setting a particular salary for each level and specifying how many deputies would occupy that level, or by (2) setting salaries for each level and allowing the sheriff to determine how many deputies occupy each level and who they are. Plaintiff can prevail only if the second interpretation is correct. Under the first, defendants would have the authority they claim in Order No. 2005-050.

In support of the first interpretation, plaintiff relies on ORS 206.210, which authorizes him to "organize the work" of his office, and on ORS 204.601(2) and ORS 204.635(1), which authorize him to appoint deputies to serve at his pleasure. In addition to the fact that his argument requires us to privilege an implausible interpretation of ORS 204.116(1), it also relies on an interpretation of ORS 206.210 that is weak and inferential, that is, that the statute affirmatively gives him authority to specify how many deputies occupy each salary level.

The weakness of plaintiff's theory has two causes. First, the wording of ORS 206.210 does not suggest that plaintiff has such broad power. The authority to "organize the work of the office" does not imply the authority to determine the number of employees serving in particular ranks.

To "organize" means, in this context, "**2 a :** to arrange or constitute into a coherent unity in which each part has a special function or relation * * * **c (1) :** to set up an administrative and functional structure for : provide with or establish as an organization ⌐ a congregation and erect a church⟩ ⌐ a company to manufacture his invention⟩ ⌐ a territory⟩." *Webster's* at 1590. ORS 206.210 thus authorizes plaintiff to arrange the administrative and functional structure of his office. In keeping with that general authorization, ORS 206.210(1) authorizes plaintiff to assign duties "to appropriate *departments and divisions* to be performed by persons experienced and qualified for such respective kinds of work." (Emphasis added.) And ORS 206.210(2) and (3) simply allow plaintiff to coordinate duties among individuals not engaged in other duties and to secure cooperation among individuals working in the office. Nothing in ORS 206.210 requires that plaintiff have the authority to specify how many deputies occupy each salary level.

Nor, second, do ORS 204.601(2) and ORS 204.635(1) create such authority. Hiring and firing are logically (and practically) distinct from deciding the number of people serving at each salary level. Nothing in the statutes cited by plaintiff, therefore, alters defendants' authority to fix the number of deputies and the compensation of every deputy.

Thus, plaintiff can prevail only if we adopt strained and implausible interpretations of the relevant statutes. We are unwilling to do that.[2]

That being the case, we must vacate the declaratory judgment below. The judgment recites that

"[p]laintiff as Sheriff has the legal right to control promotion/reclassification decisions within the Josephine County Sheriff's Office, such as [p]laintiff's decision to promote/reclassify Howard Banks to the position of lieutenant (as reflected in the document attached as Exhibit 1) once Defendants have determined that the promotion/reclassification was within the total number of deputies Defendants previously set and that the overall effect of the promotion/

---

[2] Because plaintiff did not seek to "promote" Banks to a new salary level (with, presumably, different duties) without increasing his salary, we do not address the question whether such a "promotion" would be within plaintiff's authority.

reclassification would not cause the [p]laintiff to exceed the budget previously allotted to [p]laintiff's department."

The "promotion" reflected in Exhibit 1 places the named deputy at a different salary level. To the extent that the judgment states or implies that the promotion would result in an increase in the number of deputies making the specified salary, it is in error.

Further, we reverse the judgment in the writ of review case. Order No. 2005-050, which the judgment annuls, is an exercise of defendants' authority to "fix the compensation" of every deputy.[3]

In A131487, judgment vacated and remanded; in A131473, reversed.

---

[3] We need not decide in this case whether defendants also possess the further authority to specify the specific occupants of positions at the different salary levels.